UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SYED AKBAR,<br><br>        *Plaintiff*,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>        *Defendants*. | Civil Action No. 23-2382 (LLA) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Syed Akbar sues the United States of America and the District of Columbia for injuries he sustained while riding an electric scooter on the National Mall. The District has filed both a motion to dismiss, ECF No. 9, and a motion for judgment on the pleadings, ECF No. 16, arguing that the United States—not the District—owns and controls the area where Mr. Akbar was allegedly injured. For the reasons explained below, the court will **GRANT** the motion for judgment on the pleadings and **DENY** the motion to dismiss as moot.

### I. Factual Background and Procedural History

In resolving the District's motion for judgment on the pleadings, the court will assume that the facts alleged in Mr. Akbar's complaint are true. *Schuler v. PricewaterhouseCoopers, LLP*, 514 F.3d 1365, 1370 (D.C. Cir. 2008); *Murphy v. Dep't of Air Force*, 326 F.R.D. 47, 49 (D.D.C. 2018). On September 5, 2020, Mr. Akbar was riding an electric scooter on the National Mall "on the designated pathways between the World War II Memorial and Constitution Avenue, NW." ECF No. 1 ("Compl.") ¶ 11. At an "uneven gap" in the pathway, he lost control of the scooter, fell, and fractured his left ankle. Compl. ¶¶ 11, 22. Mr. Akbar's injury required surgery, caused him pain and suffering, and otherwise impaired him. Compl. ¶ 22.

Mr. Akbar filed suit against the United States and the District, seeking $5 million in damages. Compl. at 7. He alleges that the area where he fell off the scooter "was owned, maintained, and controlled by Defendant United States of America and/or Defendant District of Columbia," Compl. ¶ 13, and that the United States and/or the District owed him a duty "to take all reasonable steps to inspect, discover, notice, remedy and/or warn against the presence of a dangerous condition in the sidewalk area," Compl. ¶ 16.

The District moved to dismiss, contending that it did not own or control the area on the National Mall where Mr. Akbar fell. ECF No. 9. The United States filed an answer to the complaint, in which it admits to having "ownership, maintenance, and control" over the area. ECF No. 14, ¶ 13. The District also filed an answer, in which it "denies that [the District] owned, maintained, or controlled the area where Akbar alleges he fell." ECF No. 15, ¶ 13. After the responsive pleadings were filed, the District filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), again asserting that the area where Mr. Akbar fell is owned and controlled by the United States, not the District. ECF No. 16.

## II.     Legal Standard

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Such a motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking at the substance of the pleadings and any judicially noted facts." *Tapp v. Wash. Metro. Area Transit Auth.*, 306 F. Supp. 3d 383, 391 (D.D.C. 2016) (quoting *All. of Artists & Recording Cos. v. Gen. Motors Co.*, 162 F. Supp. 3d 8, 16 (D.D.C. 2016)). "Because a Rule 12(c) motion would summarily extinguish litigation at the threshold and foreclose the opportunity for discovery and factual presentation, the [c]ourt must treat [such a] motion with the greatest of care and deny it if there are allegations in the complaint which, if proved, would provide

2

a basis for recovery." *Id.* (second alteration in original) (quoting *Baumann v. District of Columbia*, 744 F. Supp. 2d 216, 221 (D.D.C. 2010)).

"To prevail on a Rule 12(c) motion, '[t]he moving party must show that no material issue of fact remains to be solved and that it is entitled to judgment as a matter of law.'" *Id.* (alteration in original) (quoting *Judicial Watch, Inc. v. U.S. Dep't of Energy*, 888 F. Supp. 2d 189, 191 (D.D.C. 2012)).  In considering the motion, "the court relies on 'the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which the court may take judicial notice.'" *Id.* at 392 (quoting *Allen v. U.S. Dep't of Educ.*, 755 F. Supp. 2d 122, 125 (D.D.C. 2010)).  "[A]ll of the well pleaded factual allegations in the adversary's pleadings are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false." *Id.* (quoting 5C Charles Alan Wright, et al., *Federal Practice and Procedure* § 1368 (3d ed. 2004)).  However, the court need not accept factual allegations in the complaint as true "insofar as they contradict . . . matters subject to judicial notice," *Kaempe v. Myers*, 367 F.3d 958, 963 (D.C. Cir. 2004), nor is the court "bound to accept the legal conclusions of the non-moving party," *Tapp*, 306 F. Supp. 3d at 392 (quoting *Baumann*, 744 F. Supp. 2d at 222).

### III.   Discussion

To prove his negligence claim, Mr. Akbar must establish "(1) that the defendant owed a duty to the plaintiff, (2) breach of that duty, and (3) injury to the plaintiff that was proximately caused by the breach." *Hall v. District of Columbia*, 867 F.3d 138, 149 (D.C. Cir. 2017) (quoting *Night & Day Mgmt., LLC v. Butler*, 101 A.3d 1033, 1038 (D.C. 2014)); *see District of Columbia v. Cooper*, 483 A.2d 317, 321 (D.C. 1984).  The District's motion for judgment on the pleadings rises and falls on the first prong—whether it owed a duty to Mr. Akbar. ECF No. 9, at 5.  Whether the District owed a duty of care to Mr. Akbar is a question of law. *See Presley v. Com. Moving &*

3

*Rigging, Inc.*, 25 A.3d 873, 883 (D.C. 2011); *see also Feirson v. District of Columbia*, 506 F.3d 1063, 1068 (D.C. Cir. 2007).

In a premises liability action, the defendant only owes a duty of care if it "own[s] or control[s] the property." *Smith v. Wash. Sheraton Corp.*, 135 F.3d 779, 784 (D.C. Cir. 1998). The parties disagree whether this subsidiary question—who owns or controls the area in question—is one of law or fact. The District treats it as a question of law. In its view, the National Park Service Organic Act of 1916 ("Organic Act"), 16 U.S.C. §§ 1-4, since amended and recodified at 54 U.S.C. § 100101 *et seq.*, vests ownership of the National Mall in the federal government because it is a national park. ECF No. 9, at 5. Mr. Akbar counters that ownership and control is a question of fact. In his view, the court must credit his allegation that the District owns or controls the area, which precludes judgment on the pleadings. ECF No. 10, at 6.

The court finds that both parties have missed the mark. Ownership of property is a mixed question of law and fact. *See* 75A Am. Jur. 2d *Trial* § 650 (2d ed. 2024); *cf. United States v. Stands*, 105 F.3d 1565, 1575-76 (8th Cir. 1997) (explaining that the question "whether the crime in fact occurred on a particular piece of land or within a particular area . . . . is certainly a factual issue for the jury," whereas the question whether the area is within federal jurisdiction "is for the court, not the jury"); *United States v. Davis*, 726 F.3d 357, 365-66 (2d Cir. 2013) (similar). Here, there is no dispute of material fact about the location of Mr. Akbar's accident. Mr. Akbar alleges that he was riding his scooter "on the designated pathways between the World War II Memorial and Constitution Avenue, NW," Compl. ¶ 11, and the District does not contend otherwise.[1]

---

[1] Had there been a dispute of material fact—for example, if the District had alleged that the accident occurred between the World War II Memorial and Independence Avenue, NW—the court would credit Mr. Akbar's factual assertion in ruling on the motion for judgment on the pleadings. *Tapp*, 306 F. Supp. 3d at 391.

4

Whether that specific area is owned and controlled by the United States or by the District is a question of law.  *See, e.g.*, *Stands*, 105 F.3d at 1575; *Davis*, 726 F.3d at 365-66.  Accordingly, the court need not credit Mr. Akbar's assertion that the area "was owned, maintained, and controlled" by the District because that is a legal conclusion, not a factual allegation.  *Tapp*, 306 F. Supp. 3d at 392.

The District contends that the Organic Act answers the legal question, but it does not.  The Organic Act directs that the federal National Park Service "shall promote and regulate the use of the National Park System."  54 U.S.C. § 100101(a).[2]  It goes on to define the National Park System as including "any area of land and water administered by the Secretary [of the Interior], acting through the Director [of the National Park System], for park, monument, historic, parkway, recreational, or other purposes."  *Id.* § 100501.  But the Organic Act does not delineate the geographic boundaries of the "area[s] of land and water" that comprise the National Park System, let alone set forth the specific boundaries of the National Mall.  So, while the Organic Act confirms that federal parklands are under federal control, it sheds no light on whether the area where Mr. Akbar fell was part of the National Park System.

The court, however, can resolve the question by taking judicial notice of the geographic boundaries of the National Park Service's jurisdiction.  *See Gov. of Canal Zone v. Burjan*, 596 F.2d 690, 693 (5th Cir. 1979) ("[T]his court may take judicial notice of governmental boundaries under the Federal Rules of Evidence."); *Hays v. Nat'l Elec. Contractors Ass'n*, 781 F.2d 1321, 1323 n.2 ("[I]t is well established that courts may take judicial notice of governmental boundaries.").  The National Park Service maintains official maps of the areas under its

---

[2] Throughout its briefs, the District cites an older version of the Organic Act that is not in effect today.  The court cites to the current version.

jurisdiction. *See Burjan*, 596 F.2d at 694 ("[O]fficial government maps have long been held proper subjects of judicial notice."). As its March 2022 map shows, the area where Mr. Akbar fell is within the National Park Service's exclusive jurisdiction. *Land Management Status: Park System of the Nations Capital*, U.S. Dep't of the Interior Nat'l Park Serv. (Mar. 2022), https://perma.cc/RSR5-3NLS (attached as Appendix A). The map shows that the area is known as "Reservation 322,"[3] and while some parts of the reservation have been transferred to the District or other entities, the location of Mr. Akbar's accident is squarely within the National Park Service's jurisdiction. *Id.* The map further indicates that it "is identical to the last published version dated March 2016," *id.*, which confirms that these same boundaries were in place at the time of Mr. Akbar's accident in September 2020.[4]

Accordingly, because the District of Columbia does not own or control the area where Mr. Akbar fell, it owed him no duty of care, and it is entitled to judgment as a matter of law.[5]

---

[3] "U.S. Reservations are lands acquired for use by the Federal Government after the original founding of the [District of Columbia]." *Reservation Boundaries*, Open Data DC, https://perma.cc/9MMY-TP2F.

[4] The conclusion that the area in question is within the exclusive jurisdiction of the United States is supported by additional National Park Service records and both Defendants' answers. *See Reservation List: The Parks of the National Park System, Washington, DC*, U.S. Dep't of the Interior Nat'l Park Serv. (2022), https://perma.cc/PV68-S8KC (Maps 11, 12); ECF No. 14, at ¶ 13 (United States' admission that the area is under its "ownership, maintenance, and control"); ECF No. 15, at ¶ 13 ("[T]he District denies that it owned, maintained, or controlled the area where Akbar alleges he fell.").

[5] The court is sympathetic to the notion that understanding the boundaries between District and federal property can be difficult. *See* ECF No. 17, at 7 n.2. The court's conclusion today follows from the judicially noticed records of the National Park Service. In the event that subsequent discovery calls the accuracy of these records into question, that would be grounds for Mr. Akbar to seek rehearing, and the reinstatement of the District as a party, under Federal Rule of Civil Procedure 54(b).

## IV. Conclusion

For the foregoing reasons, the District of Columbia's motion for judgment on the pleadings, ECF No. 16, is hereby **GRANTED**, and its motion to dismiss, ECF No. 9, is **DENIED** as moot.

**SO ORDERED**.

/s/ Loren L. AliKhan
LOREN L. ALIKHAN
United States District Judge

Date: April 15, 2024