UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SYED AKBAR,

       *Plaintiff*,

    v.

UNITED STATES OF AMERICA,

       *Defendant*.

Civil Action No. 23‑2382 (LLA)

## MEMORANDUM OPINION

Plaintiff Syed Akbar brings this suit against the United States of America alleging that he was injured after he fell from an electric scooter on a public pathway that the United States had negligently failed to maintain. ECF No. 1, at 5. This matter is before the court on the United States' motion for judgment on the pleadings, ECF No. 30, which is fully briefed, ECF Nos. 30, 32, 33. For the reasons explained below, the court will convert the motion for judgment on the pleadings to a motion for summary judgment and grant summary judgment in favor of the United States.

## I.     BACKGROUND

The following factual allegations, drawn from Mr. Akbar's complaint, are accepted as true for the purpose of evaluating the motion before the court. *See Lopez v. Nat'l Archives & Recs. Admin.*, 301 F. Supp. 3d 78, 82 (D.D.C. 2018).

In September 2020, Mr. Akbar rented and rode an electric scooter on the grounds of the National Mall, which is owned, controlled, and maintained by the United States. ECF No. 1 ¶ 11, 16; *see* ECF No. 20, at 5-6. While riding the scooter on designated pathways between Constitution

Avenue, NW, and the World War II Memorial, Mr. Akbar came upon an unmarked gap in the sidewalk.  ECF No. 1 ¶ 11.  Mr. Akbar was unaware of the gap and attempted to ride his scooter over it; as a result, he lost control of the scooter and fell to the ground.  *Id.*  Mr. Akbar sustained injuries including a bimalleolar fracture to his left ankle.  *Id.* ¶ 22.

## II.    PROCEDURAL HISTORY

In August 2022, Mr. Akbar timely filed a Claim for Injury Standard Form 95, ECF No. 1 ¶ 4, alleging the above facts in compliance with the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*; *see id.* § 1346(b)(1).  The United States received and acknowledged the form the following week, but it never provided a "final determination or disposition of the claim for damages."  ECF No. 1 ¶¶ 5-7.  Consequently, Mr. Akbar filed the present suit in August 2023.  *See id.* at 8.[1]

In January 2025, the United States moved to stay discovery pending the resolution of a then-forthcoming dispositive motion.  ECF No. 28.  Shortly thereafter, the United States moved for judgment on the pleadings under Federal Rule of Civil Procedure Rule 12(c).  ECF No. 30.  In February 2025, the court stayed discovery, finding that it would not prejudice Mr. Akbar.  *See* Feb. 10, 2025 Minute Order.  The motion for judgment on the pleadings is now fully briefed and ripe for resolution.  ECF Nos. 30, 32, 33.

## III.    LEGAL STANDARDS

### A.    Motion for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Such a motion

---

[1] Mr. Akbar also sued the District of Columbia, but the court granted the District's motion for judgment on the pleadings, ECF No. 16, in April 2024, after concluding that the property at issue was under the sole control of the United States, ECF No. 20, at 6.

"is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking at the substance of the pleadings and any judicially noted facts." *Tapp v. Wash. Metro. Area Transit Auth.*, 306 F. Supp. 3d 383, 391 (D.D.C. 2016) (quoting *All. of Artists & Recording Cos., Inc. v. Gen. Motors Co.*, 162 F. Supp. 3d 8, 16 (D.D.C. 2016)). In resolving a Rule 12(c) motion, a court may consider "documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *N. Am. Butterfly Ass'n v. Wolf*, 977 F.3d 1244, 1249 (D.C. Cir. 2020) (alteration in original) (quoting *Hurd v. District of Columbia*, 864 F.3d 671, 678 (D.C. Cir. 2017)); *see Nat'l Shopmen Pension Fund v. Disa*, 583 F. Supp. 2d 95, 99 (D.D.C. 2008). However, where "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Before converting a Rule 12(c) motion to one for summary judgment, the court must assure itself that the parties have been "given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*; *see Lopez*, 301 F. Supp. 3d at 85.

## B.    Motion for Summary Judgment

Under Federal Rule of Civil Procedure 56, "[a] party is entitled to summary judgment only if there is no genuine issue of material fact and judgment in the movant's favor is proper as a matter of law." *Soundboard Ass'n v. Fed. Trade Comm'n*, 888 F.3d 1261, 1267 (D.C. Cir. 2018) (quoting *Ctr. for Auto Safety v. Nat'l Highway Traffic Safety Admin.*, 452 F.3d 798, 805 (D.C. Cir. 2006)); *see* Fed. R. Civ. P. 56(a). A material fact is one which "might affect the outcome of the suit under the governing law," and a "dispute about a material fact is 'genuine'" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). At summary judgment, the moving party bears the burden of demonstrating "the absence of a genuine issue of material fact" in dispute, *Celotex Corp. v. Catrett*,

3

477 U.S. 317, 323 (1986), while the nonmoving party must present specific facts supported by

materials in the record that would be admissible at trial and that could enable a reasonable jury to

find in its favor, *see Liberty Lobby*, 477 U.S. at 248 (1986); *Allen v. Johnson*, 795 F.3d 34, 38-39

(D.C. Cir. 2015).

"Credibility determinations, the weighing of the evidence, and the drawing of legitimate

inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing*

*Prods., Inc.*, 530 U.S. 133, 150-51 (2000) (quoting *Liberty Lobby*, 477 U.S. at 255); *see Burley v.*

*Nat'l Passenger Rail Corp.*, 801 F.3d 290, 295-96 (D.C. Cir. 2015).  Accordingly, "[t]he evidence

of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."

*Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (per curiam) (alteration in original) (quoting *Liberty*

*Lobby*, 477 U.S. at 255).  However, the nonmoving party must still establish more than "[t]he mere

existence of a scintilla of evidence in support of [his] position," *Liberty Lobby*, 477 U.S. at 252,

and may not rely on "mere allegations" or conclusory statements, *Equal Rts. Ctr. v. Post Props.,*

*Inc.*, 633 F.3d 1136, 1141 n.3 (D.C. Cir. 2011) (quoting *Sierra Club v. Env't Prot. Agency*, 292

F.3d 895, 898-99 (D.C. Cir. 2002)).  "If the evidence is merely colorable, or is not significantly

probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249-50 (citations

omitted).

## IV.    DISCUSSION

Alongside his opposition to the United States' motion for judgment on the pleadings,

Mr. Akbar presents several exhibits for the court's consideration.  See ECF No. 32-1, at 2-4.

Because it may not consider these exhibits on a motion for judgment on the pleadings, the court

first determines whether the motion should be converted to a motion for summary judgment before

turning to the merits.

**A.      Conversion to a Motion for Summary Judgment**

As noted, conversion of a motion for judgment on the pleadings to a motion for summary judgment is appropriate where the parties present "matters outside the pleadings" for the court's consideration.  Fed. R. Civ. P. 12(d).  While the United States originally moved for judgment on the pleadings—and properly referenced only an exhibit that had been attached to Mr. Akbar's complaint—Mr. Akbar included additional photographic evidence in his opposition to the motion.  *See* ECF No. 30, at 2; ECF No. 32-1.  These exhibits are not subject to judicial notice, *see N. Am. Butterfly Ass'n*, 977 F.3d at 1249, so the court must convert the United States' motion to one for summary judgment if it wishes to consider them, *see* Fed. R. Civ. P. 12(d).

Mr. Akbar has "had a full opportunity to oppose the motion [for judgment on the pleadings], and treated it as a Rule 56 motion himself" by submitting exhibits with his opposition and raising an argument as to whether a material dispute of fact exists.  *Lopez*, 301 F. Supp. 3d at 85.[2]  The court is therefore assured that "the parties have had an opportunity to present all the material pertinent to the motion, and that it is fair to both parties to convert [the United States']

---

[2] Mr. Akbar asserts that on a motion for judgment on the pleadings, the court is bound to accept as true his allegation that he "encountered a dangerous, unmarked, and uneven gap in the pathway . . . [which] constituted a dangerous and defective condition."  ECF No. 32, at 7 (quoting ECF No. 1 ¶¶ 11-12).  But even on a Rule 12(c) motion, the court is not obligated to accept conclusory allegations.  *See Nat'l Shopmen Pension Fund*, 583 F. Supp. 2d at 99 (citing *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)) (explaining that on a Rule 12(c) motion, the court need not "accept plaintiffs' asserted inferences or conclusory allegations that are unsupported by the facts set forth in the complaint").  Thus, to the extent that Mr. Akbar believes that he is prejudiced by conversion of the motion to one for summary judgment on this basis, the court disagrees.

motion to one for summary judgment." *Id.*; *see* ECF No. 32, at 6; ECF No. 32-1.[3]  The court will

therefore convert the United States' motion to one for summary judgment and consider all the

evidence presently before it.

### B.    Liability

"[I]n a negligence action under District of Columbia law, the plaintiff 'bears the burden of

proof on three issues: the applicable standard of care, a deviation from that standard by the

defendant, and a causal relationship between that deviation and the plaintiff's injury.'" *Martin v.*

*Omni Hotels Mgmt. Corp.*, 206 F. Supp. 3d 115, 121 (D.D.C. 2016) (internal quotation marks

omitted) (quoting *Toy v. District of Columbia*, 549 A.2d 1, 6 (D.C. 1988)); *see Hall v. District of*

*Columbia*, 867 F.3d 138, 149 (D.C. Cir. 2017).  The United States concedes that it has "a duty to

maintain its streets in a reasonably safe condition," but it contends that even where it has "notice

of an alleged defect, it is entitled to judgment as a matter of law when the alleged defect that caused

the plaintiff's injury was insignificant in nature."  ECF No. 30, at 4-5 (quoting *Briscoe v. District*

*of Columbia*, 62 A.3d 1275, 1278 (D.C. 2013)).  Mr. Akbar responds that judgment in favor of the

United States is premature at this stage because material facts are in dispute, ECF No. 32, at 6-10,

---

[3] In his opposition, Mr. Akbar describes "relevant evidence" that he may later wish to introduce, including that "Defendant identified [the defect] after the incident as a 'tripping hazard,'" and that it was repaired in December 2023.  ECF No. 32, at 8 n.4.  However, at summary judgment, the court may only consider evidence that would be admissible at trial.  *See* Fed. R. Civ. P. 56(c)(2). Evidence regarding later repairs to the defect would plainly be inadmissible under Federal Rule of Evidence 407, which bars evidence of subsequent remedial measures when used to prove negligence or culpable conduct.  Moreover, the statement that the defect was a "tripping hazard" would be deemed inadmissible hearsay under Federal Rule of Evidence 801, as it is clearly offered to assert the truth of the defect's hazardous nature.  Thus, the court would not be able to consider this evidence; even if it did, the evidence would not change the court's conclusion that the defect was *de minimis* as a matter of law.  *See infra* Part IV.B.

and that, in any event, the United States has not proven as a matter of law that the defect in the sidewalk was *de minimis*, *id.* at 10-12.  The court disagrees with Mr. Akbar on both counts.

### 1.    *The parties do not genuinely dispute any material facts*

Mr. Akbar first argues that "whether the defective sidewalk [was] a dangerous hazard or [was] . . . trivial" is a question of fact that relies upon the consideration of several factors, including "the location of the defect, the size of the defect, how highly trafficked the area of the defect is, [and] the lighting around the defect" and therefore must be determined by a jury. *Id*. at 7-8.  The United States responds that Mr. Akbar's "attempt[] to manufacture a dispute of material fact" is belied by the photo Mr. Akbar attaches to his complaint, which it believes demonstrates the *de minimis* nature of the defect in question as a matter of law. ECF No. 33, at 2.  The court concludes that the parties do not genuinely dispute any material facts.

To begin, the United States does not contest the existence or location of the defect in the sidewalk, nor do its arguments rest upon the lighting of or foot traffic in the area in which it was located.  *See generally* ECF Nos. 30, 33.  The United States does not even dispute Mr. Akbar's allegations regarding the size of the defect; its arguments are entirely based upon a photograph provided by Mr. Akbar himself.  ECF No. 33, at 2.  Instead, the controversy here lies in whether the pictured defect was so insignificant as to be *de minimis*, such that the United States did not lapse in its duty of care.  ECF No. 30, at 1; ECF No. 32, at 1.  That is plainly a question of law for the court to decide.  *See Briscoe*, 62 A.3d at 1278-79 (concluding as a matter of law that the defect in question was insignificant, and therefore that the plaintiff could not prevail on her negligence claim); *Proctor v. District of Columbia*, 273 A.2d 656, 659 (D.C. 1971) (same); *Williams v. District of Columbia*, 646 A.2d 962, 962 (D.C. 1992) ("*Williams I*") (same).  Accordingly, the

court next considers whether the United States has demonstrated as a matter of law that the defect was *de minimis*.

### 2. The defect is de minimis as a matter of law

While the government has a duty to maintain public streets and sidewalks in a "reasonably safe condition[,] it is not an insurer of safety of those who utilize its streets and sidewalks." *Briscoe*, 62 A.3d at 1278 (alteration in original) (quoting *Rajabi v. Potomac Electric Power Co.*, 650 A.2d 1319, 1322 (D.C. 1994)). "Minor defects due to continued use, or action of the elements, or other cause, will not necessarily make [the government] liable for injuries caused thereby." *Id.* (quoting *Proctor*, 273 A.2d at 658). Where a defect that causes a plaintiff's injury is "insignificant in nature," the United States has not deviated from the appropriate standard of care by failing to rectify it, and it is entitled to judgment as a matter of law in a negligence action. *Id.*

The United States contends that the court may examine the photographs submitted by Mr. Akbar and conclude that the sidewalk defect was *de minimis* as a matter of law. ECF No. 30, at 5-6. Mr. Akbar responds that sidewalk defects cannot be found to be *de minimis* unless they are "less than 0.5 inches"—a bar that he believes the defect in question easily clears. ECF No. 32, at 10. Mr. Akbar's bright-line rule is unsupported by law. There are no "rigid principles of law," setting forth fixed dimensions for a *de minimis* defect, *Turner v. District of Columbia*, 144 A.2d 699, 700 (D.C. 1958), and the determination whether a defect is *de minimis* depends on the facts and circumstances of the case before the court, *see District of Columbia v. Williams*, 46 A.2d 111, 112 (D.C. 1946) ("*Williams II*"). Indeed, courts have repeatedly found that sidewalk defects of over half-an-inch tall are *de minimis*. *See Turner*, 144 A.2d at 700 (concluding that a three-and-a-half-inch upheave in the sidewalk was insignificant); *Williams II*, 46 A.2d at 112 (determining that a one-and-five-eighths-inch sidewalk defect was inconsequential). Given this precedent, the court

finds unconvincing Mr. Akbar's categorical argument that the size of the defect here—which Mr. Akbar contends, and the United States does not dispute, was two inches high—renders it not *de minimis*.  ECF No. 32, at 1; ECF No. 32-1, at 4, *see generally* ECF No. 33.

Mr. Akbar maintains that the above cases are inapposite because they were decided on summary judgment, not on the pleadings, and because they "involved alleged walkway hazards that were clearly less substantial than the one at issue in this case."  ECF No. 32, at 11.  The court is unpersuaded.  Because this case is now being resolved on summary judgment, Mr. Akbar's first argument is no longer available.  As for the second, Mr. Akbar's contention that other cases are distinguishable because they involved defects that were "clearly less substantial" than the one in the instant case is conclusory.  ECF No. 32, at 11.  Rather than accept Mr. Akbar's conclusion of law, the court must instead examine the "surrounding . . . circumstances of [the] case" before it is to determine whether the defect in question is *de minimis*.  *Williams II*, 46 A.2d at 113.

The court may rely on photographs submitted by the parties in determining the significance of a defect.  *Id.*; *see, e.g.*, *Briscoe*, 62 A.3d at 1277; *Williams I*, 646 A.2d at 962; *Hall v. United States*, No. 21-CV-2571, 2024 WL 4607541 at *1, 3 (D.D.C. Oct. 29, 2024).  Here, the court considers the photograph included in Mr. Akbar's complaint, ECF No. 1, at 4, as well as the three photographs attached to his opposition to the United States' motion, ECF No. 32-1, at 2-4. Based on the photos, the defect with which Mr. Akbar takes issue appears to be a small gap between a sidewalk and a slightly raised gravel pathway. ECF No. 32-1, at 3.  The gap between the two runs

the length of the sidewalk. *Id.* at 2. In one photo, a measuring tape is held to show that the sidewalk is two inches above the gravel. *Id.* at 4.[4]

On review of the evidence, the court disagrees that the defects deemed *de minimis* as a matter of law in other cases are "clearly less substantial" than the one depicted in Mr. Akbar's photos. ECF No. 32, at 11. In *Proctor,* the D.C. Court of Appeals recognized that "minor sidewalk elevations are not an unusual condition for city sidewalks and are in fact . . . a very prevalent condition." 273 A.2d at 658. Based on the photographs, the gap where Mr. Akbar lost control of his scooter appears to the court to be a prime example of "a very prevalent condition," *id.* at 658— the kind of defect that "is all over the place," *Briscoe,* 62 A.3d at 1279. Mr. Akbar's evidence that there was a two-inch drop between the sidewalk and the gravel cannot overcome this fact, especially given the *Turner* court's affirmation of a trial judge's determination that a three-and-a-half-inch upheave in a sidewalk "was not in an unreasonably unsafe condition so as to render the [government] liable" as a matter of law. 144 A.2d at 700. Because it finds that the sidewalk gap in question was *de minimis* as a matter of law, the court must grant summary judgment in favor of the United States. *See Briscoe,* 62 A.3d at 1278.

## V.    CONCLUSION

For the foregoing reasons, the court will convert the United States' motion for judgment on the pleadings, ECF No. 30, to a motion for summary judgment, and it will grant the motion. A contemporaneous order will issue.

---

[4] Because all inferences are to be drawn in favor of the nonmovant at summary judgment, the court credits Mr. Akbar's assertion that this photograph clearly shows that the sidewalk ledge was two inches above the gravel, ECF No. 32, at 10, although the picture suggests that the ledge is lower at certain points along the width of the sidewalk panel, and Mr. Akbar does not specify where he fell, *see* ECF No. 32-1, at 4.

LOREN L. ALIKHAN
United States District Judge

Date:    August 4, 2025