**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SYED AKBAR,

   *Plaintiff*,

  v.

UNITED STATES OF AMERICA,

   *Defendant*.

Civil Action No. 23 - 2382 (LLA)

<u>**MEMORANDUM OPINION AND ORDER**</u>

  Plaintiff Syed Akbar filed this suit against the United States of America for injuries he sustained while riding an electric scooter on the National Mall.  ECF No. 1.  In August 2025, the court granted summary judgment in favor of the United States.  ECF Nos. 35, 36.  Mr. Akbar now moves to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).  ECF No. 37.  For the reasons explained below, the court grants Mr. Akbar's motion and vacates its entry of summary judgment for the United States.

**I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

  In September 2020, Mr. Akbar rented and rode an electric scooter on the National Mall. ECF No. 1 ¶ 11.  While riding the scooter on designated pathways between Constitution Avenue, NW, and the World War II Memorial, Mr. Akbar came upon an unmarked "uneven gap" on the path and lost control of the scooter.  *Id.*  He fell to the ground and sustained injuries including a bimalleolar fracture to his left ankle.  *Id.* ¶¶ 11, 22.

  Mr. Akbar filed suit in August 2023, alleging that the United States had negligently maintained the area where he fell off the scooter and seeking $5 million in damages.  ECF No. 1,

at 7.[1]  In January 2025, the United States moved to stay discovery pending the resolution of its then-forthcoming dispositive motion, ECF No. 28, and Mr. Akbar filed an opposition, ECF No. 29.  Shortly thereafter, the United States moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  ECF No. 30.  In February 2025, the court stayed discovery, finding that it would not prejudice Mr. Akbar.  *See* Feb. 10, 2025 Minute Order.

In August 2025, the court converted the United States' motion for judgment on the pleadings to a motion for summary judgment and granted summary judgment in favor of the United States.  ECF Nos. 35, 36.  The court determined that the parties did not genuinely dispute any material facts, such as the existence of the defect, its location, or that the defect caused a two-inch change in elevation along the path.  ECF No. 35 at 7.  The court determined that, based on these undisputed facts, the defect was *de minimis* as a matter of law, and it accordingly granted summary judgment to the United States.  *Id.* at 8-10.  The following month, Mr. Akbar moved to alter or amend the judgment under Rule 59(e).  ECF No. 37.  The motion is fully briefed.  ECF Nos. 37, 39, 40.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment within twenty-eight days of its entry.  Such relief is only warranted in "extraordinary circumstances."  *Mohammadi v. Islamic Republic of Iran*, 947 F. Supp. 2d 48, 77 (D.D.C. 2013), *aff'd*, 782 F.3d 9 (D.C. Cir. 2015).  A party may not use a Rule 59(e) motion to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of

---

[1] Mr. Akbar also sued the District of Columbia, but the court granted the District's motion for judgment on the pleadings in April 2024 because the property at issue was under the sole control of the United States.  ECF No. 20, at 6.

judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2810.1 (2d ed. 1995)).  And a Rule 59(e) motion that "repeat[s] unsuccessful arguments," *Slate v. Am. Broad. Cos.*, 12 F. Supp. 3d 30, 34 (D.D.C. 2013), or is made based on "[m]ere disagreement" with the court's judgment, will not prevail, *Wannall v. Honeywell Int'l, Inc.*, No. 10-CV-351, 2013 WL 12321549, at *3 (D.D.C. Oct. 24, 2013) (alteration in original) (quoting *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)).

A district court "need not" grant a Rule 59(e) motion "unless [it] finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Messina v. Krakower*, 439 F.3d 755, 758 (D.C. Cir. 2006) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).  In assessing "clear error" in the Rule 59(e) context, "courts have required 'a very exacting standard,' . . . such that the 'final judgment must be "dead wrong" to constitute clear error.'"  *Wannall*, 2013 WL 12321549, at *3 (first quoting *Bond v. U.S. Dep't of Just.*, 286 F.R.D. 16, 22 (D.D.C. 2012); then quoting *Lardner v. Fed. Bureau of Investigation*, 875 F. Supp. 2d 49, 53 (D.D.C. 2012)).  Likewise, "manifest justice" is an "exceptionally narrow concept in the context of a Rule 59(e) motion," and it "entail[s] more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law." *Id.*

## III.   DISCUSSION

Mr. Akbar raises three arguments in favor of his Rule 59(e) motion: (1) that the court erroneously converted the United States' motion for judgment on the pleadings to one for summary judgment without affording him an opportunity to present all evidence supporting the existence of a genuine dispute of material fact, ECF No. 37, at 10-15; (2) that the court failed to consider an

expert declaration he had submitted in connection with his opposition to the United States' motion to stay discovery, *id.* at 15-17; and (3) that the court erroneously concluded that the sidewalk defect was *de minimis* as a matter of law on the record before it, *id.* at 5-10.  The court agrees on all three points.  Accordingly, the court will vacate the entry of summary judgment for the United States.

First, the court erred in converting the United States' motion for judgment on the pleadings to one for summary judgment without providing Mr. Akbar an opportunity to present evidence in support of his position.  If a Rule 12(c) motion is converted to a motion for summary judgment, a court must provide the parties with "a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d); *see Kim v. United States*, 632 F.3d 713, 719 (D.C. Cir. 2011) ("In converting [a] motion [to one for summary judgment], district courts must provide the parties with notice and an opportunity to present evidence in support of their respective positions."); *see, e.g.*, *Chandler v. W.E. Welch & Assocs., Inc.*, No. 06-CV-794, 2007 WL 4993270, at *1 (D.D.C. May 1, 2007) (providing ten days' notice for the parties to file additional materials).  Before converting a motion, the court must "assure itself that summary judgment treatment would be fair to both parties." *Tele-Commc'ns of Key W., Inc. v. United States*, 757 F.2d 1330, 1334 (D.C. Cir. 1985); *see Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003) (explaining that the failure to comply with the procedures set forth in Rule 12 to convert a motion to dismiss to one for summary judgment is evaluated under an "abuse of discretion" standard).

Here, the court did not provide Mr. Akbar notice or an opportunity to present additional evidence in opposition to the United States' motion for summary judgment.  Instead, the court concluded that Mr. Akbar "'had a full opportunity to oppose the motion[] and treated it as a Rule 56 motion himself' by submitting exhibits with his opposition and raising an argument as to

4

whether a material dispute of fact exists." ECF No. 35, at 5 (quoting *Lopez v. Nat'l Archives & Recs. Admin.*, 301 F. Supp. 3d 78, 85 (D.D.C. 2018)). But the court now recognizes that it had stayed discovery pending resolution of the United States' Rule 12(c) motion over Mr. Akbar's objection, Feb. 10, 2025 Minute Order, which indicates that Mr. Akbar had intended to seek further discovery and possibly present additional material at the summary-judgment stage, *see* ECF No. 29, at 3-9. Additionally, while Mr. Akbar attached photographs he had obtained in discovery to his opposition to the United States' motion for judgment on the pleadings—leading the court to believe that he was also moving in the direction of summary judgment—he did not attach other relevant discovery materials, such as an expert declaration he had filed earlier in the case. *See* ECF No. 32, at 3 n.3; *see also Pintro v. Wheeler*, 35 F. Supp. 3d 47, 51-52 (D.D.C. 2014) ("When presented with a motion for summary judgment before discovery has been conducted, a district court must 'permit[] [the nonmoving party] to either conduct discovery or come forward with additional evidence.'" (alterations in original) (quoting *Colbert v. Potter*, 471 F.3d 158, 168 (D.C. Cir. 2006))). Accordingly, even though Mr. Akbar himself attached exhibits to his opposition, he was entitled to "a reasonable opportunity to contest the matters outside of the pleadings such that [he was] not taken by surprise." *Bowe-Connor v. Shinseki*, 845 F. Supp. 2d 77, 86 (D.D.C. 2012); *cf. Lopez*, 301 F. Supp. 3d at 85 (concluding that conversion to summary judgment was fair where the plaintiff had treated the defendant's motion for judgment on the pleadings "as a Rule 56 motion himself by submitting a cross-motion supported by a statement of facts and a declaration, as well as an opposition"); *Page v. Mancuso*, 999 F. Supp. 2d 269, 276 (D.D.C. 2013) (converting a motion to dismiss to one for summary judgment where "it was [the plaintiff] who submitted the outside materials" and the court had allowed the parties to "argue orally the merits of converting the motion into one for summary judgment"); *Citizens for Resp. &*

*Ethics in Wash. v. Bd. of Governors of the Fed. Rsrv. Sys.*, 669 F. Supp. 2d 126, 129 (D.D.C. 2009) (converting a motion to dismiss to one for summary judgment where "both parties ha[d] submitted declarations outside of the pleadings that ha[d] not been excluded" and the defendant had completed its document production).

Next, the court erred by granting summary judgment to the United States without considering pertinent evidence in the record supporting Mr. Akbar's case.  In converting the United States' Rule 12(c) motion to one for summary judgment, the court stated that it would "consider all the evidence presently before [the court]," ECF No. 35, at 5-6 (quoting *Lopez*, 301 F. Supp. 3d at 85), but it failed to consider Mr. Akbar's expert declaration, which had previously been appended to his opposition to the United States' motion to stay discovery, *see* ECF No. 29-1, at 6-10.[2]

Summary judgment is appropriate only if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(e).  The moving party must demonstrate "the absence of a genuine issue of material fact" in dispute, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), while the nonmoving party must present specific facts supported by materials in the record that would be admissible at trial and that could enable a reasonable jury to find in its favor, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Mr. Akbar had previously argued in his opposition to the United States' motion to stay discovery that summary judgment would be premature, *see* ECF No. 29, at 4-5, and he attached a declaration by his expert, Jason Boyd, a civil engineer with "extensive experience in sidewalk construction and maintenance practices," ECF No. 29-1, at 6, as support.  In his declaration, Mr. Boyd stated

---

[2] When citing ECF No. 29-1, the court refers to the CM/ECF-generated numbers at the top of each page rather than any internal pagination.

his opinion that the "national standard of care for sidewalks requires a level surface without vertical changes in elevation greater than 0.25 inches on a sidewalk surface."  ECF No. 29-1, at 8.  The sidewalk here, however, "contained a vertical elevation change that exceeded two inches"—a fact the United States did not dispute, *see* ECF No. 35, at 7—which Mr. Boyd asserted was a violation of the national standard of care and a "significant safety hazard," ECF No. 29-1, at 7-9; *see* ECF No. 37, at 15-17.  Having *sua sponte* converted the United States' motion to one for summary judgment, the court should have considered all the evidence in the record that supported Mr. Akbar's position, including Mr. Boyd's expert declaration.  ECF No. 29, at 4-5; *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."); *Tolan v. Cotton*, 572 U.S. 650, 659 (2014) (per curiam) (noting that a failure to "properly . . . acknowledge key evidence offered by the party opposing [a summary judgment] motion" is a "clear misapprehension of summary judgment standards"); 10A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2721 (4th ed. 2026) (explaining that "the court is obliged to take account of the entire setting of the case on a Rule 56 motion").[3]  The court's failure to do so was an oversight.  Having now considered Mr. Boyd's expert declaration, the court determines that there are genuine disputes of material fact regarding the dangerousness of the sidewalk defect in this case, such that it was premature to grant summary judgment to the United States.  *See infra* pp. 9-10.

---

[3] The United States counters that Mr. Boyd's declaration was not appended to Mr. Akbar's opposition to the Rule 12(c) motion, so the court was not required to consider it when ruling on the motion.  ECF No. 39, at 8.  This misunderstands Mr. Akbar's argument, which is that the court was required to consider the expert declaration *after* it converted the Rule 12(c) motion to one for summary judgment under Rule 56.  *See* ECF No. 37, at 15.

Finally, the court erred in holding that the two-inch elevation gap at issue was *de minimis* as a matter of law.  To be sure, "[t]he rule is well established that the [government] is not to be made an insurer of the safety of pedestrians using its sidewalks and is only required to maintain them in a reasonably safe condition."  *Proctor v. District of Columbia*, 273 A.2d 656, 659 (D.C. 1971).  "Minor defects due to continued use, or the action of the elements, or other cause, will not necessarily make the [government] liable for injuries caused thereby."  *Id.* at 658 (quoting *Barrett v. City of Claremont*, 256 P.2d 977, 980 (Cal. 1953)).  "What constitutes a minor defect is not always a mere question of fact.  If the rule were otherwise, the [government] would be liable upon a showing of a trivial defect."  *Id.* (quoting *Barrett*, 256 P.2d at 980).  Accordingly, courts have held that minor sidewalk defects can be *de minimis* as a matter of law.  *See, e.g.*, *Briscoe v. District of Columbia*, 62 A.3d 1275, 1278-79 (D.C. 2013); *Williams v. District of Columbia*, 646 A.2d 962, 962-93 (D.C. 1992) (per curiam); *Proctor*, 273 A.2d at 659; *Hall v. United States*, No. 21-CV-2571, 2024 WL 4607541, at *7-8 (D.D.C. Oct. 29, 2024), *aff'd sub nom.*, *Hall v. Architect of Capitol*, No. 24-5265, 2025 WL 1719916 (D.C. Cir. June 12, 2025).  However, after reviewing the relevant cases again, the court finds them distinguishable for three reasons.

First, the defect in each case was smaller.  *See Briscoe*, 62 A.3d at 1277-80 (concluding that the alleged defect in a curbstone was *de minimis* when it "was very small, appearing to be an indentation along the upper edge of the curb, running about two to three inches at most and about one inch deep" (internal quotation marks omitted)); *Williams*, 646 A.2d at 962-63 (holding that a gap of "approximately one-half inch" was *de minimis*); *Proctor*, 273 A.2d at 659 (explaining that "the only evidence of negligence offered by appellant was a brick protruding one-quarter of an inch" and concluding that, "as a matter of law, . . . the evidence [wa]s not sufficient to support a finding of negligence"); *see also Hall*, 2024 WL 4607541, at *7 (concluding that a "hole in the

pavement" of an unspecified size was *de minimis*).  Here, Mr. Akbar alleged, and the United States did not dispute, that the defect caused a two-inch change in the elevation along the path, and no case directly supports a finding that such a defect is *de minimis* as a matter of law.[4]

Second, Mr. Akbar provided evidence—through Mr. Boyd's expert declaration—that "[t]he national standard of care for sidewalks requires a level surface without vertical changes in elevation greater than 0.25 inches on a sidewalk surface," and that the elevation change here was "*more than eight times the allowable amount*."  ECF No. 29-1, at 8-9.  Such evidence was lacking in the cases where courts held defects to be *de minimis*.  In *Briscoe*, the plaintiff relied on photographs of the alleged defect, which, in the trial judge's view, showed that the alleged defect was "very small, appearing to be an indentation along the upper edge of the curb" and "the kind of thing that . . . is all over the place."  62 A.2d at 1279 (internal quotation marks omitted); *see Williams*, 646 A.2d at 962 (similar).  In *Proctor*, the plaintiff testified that the defect involved a two-inch change in elevation, but "[w]hen asked to depict the elevational difference between the brick over which she tripped and the adjacent bricks, she held up her thumb and forefinger to approximate the distance."  273 A.2d at 657.  "The court then measured the space with a ruler and

---

[4] In its previous opinion, the court cited *Turner v. District of Columbia*, 144 A.2d 699 (D.C. 1958), and *District of Columbia v. Williams*, 46 A.2d 111 (D.C. 1946), as cases in which the courts had found large defects to be *de minimis* as a matter of law.  ECF No. 35, at 8.  That was incorrect.  In *Turner*, the appellate court affirmed a trial court's determination after a bench trial that a three-and-a-half inch upheaval in a sidewalk did not give rise to liability.  144 A.2d at 700 ("Whether a particular defect in a particular set of circumstances is such an unsafe condition as to give rise to liability . . . is a question to be resolved by the trier of the facts.").  And in *Williams*, the case went to a jury, which determined that the defect was between one and one-and-five-eighths inches in size and found the defendant liable.  46 A.2d at 112.  The trial court thereafter declined to set the jury's verdict aside on the ground that the defect was *de minimis* as a matter of law, *id.*, and the appellate court affirmed, explaining that the "case presented a situation wherein reasonable men could differ on the question of the [defendant's] negligence, and the issue was therefore properly submitted to the jury," *id.* at 113.

found it not to be more than one-quarter of an inch," which was consistent with "all of the [other] evidence, including the exhibits." *Id.* And in *Hall*, the court relied on photographs, 2024 WL 4607541, at *8, but it also noted the lack of "*any* testimony or evidence, expert or otherwise, to establish the applicable standard of care . . . apart from [the plaintiff's] untenable speculation," *id.* at *5. It could very well be that these courts would have reached different results on more substantial records. Upon reconsideration of both the relevant cases and the record in this case, this court certainly does.[5]

Third, the parties dispute the applicability of *Klein v. District of Columbia*, 409 F.2d 164 (D.C. Cir. 1969), in which the D.C. Circuit reversed a directed verdict for the defendant because a jury, not the trial court, should have decided whether a protruding handle above a sidewalk somewhere between one-fourth and three-fourths of an inch was unreasonably dangerous. *Id.* at 166-68; *see* ECF No. 37, at 7-8; ECF No. 39, at 5-6. The United States points out that—unlike here—the size of the defect was in dispute in *Klein*, so that question of fact was for a jury to resolve. ECF No. 39, at 5; *see Klein*, 409 F.2d at 167-68. But the *Klein* Court held that if a jury had determined that the protrusion measured three-fourths of an inch above the sidewalk, "it [was] impossible to say that reasonable men must necessarily find that such a protrusion . . . is not

---

[5] The United States nevertheless maintains that it is entitled to judgment on the pleadings—if not summary judgment—asserting that the sidewalk defect is *de minimis* based on the photograph in Mr. Akbar's complaint. According to the United States, this photograph "shows 'an indentation' in a darker color that is 'two to three inches at most' and no more than 'one inch deep.'" ECF No. 39, at 10 (quoting *Briscoe*, 62 A.3d at 1278). But the court cannot discern those dimensions based solely on the photograph, and, in any event, the court in *Briscoe* concluded that the defect was *de minimis* at summary judgment, not on a motion for judgment on the pleadings. Accepting Mr. Akbar's factual allegations as true and drawing all inferences in his favor, the court cannot conclude that the change in elevation here was an example of "a very prevalent condition" that is *de minimis* as a matter of law at the Rule 12(c) stage. *Proctor*, 273 A.2d at 658. Accordingly, the United States is not entitled to judgment on the pleadings.

unreasonably dangerous," especially when the plaintiff had offered evidence that the protrusion violated a reasonable standard of care. 409 F.2d at 166-68. Similarly here, even though the size of the alleged defect is not currently in dispute, Mr. Akbar has presented evidence suggesting that it violates the national standard of care. *See* ECF No. 29-1, at 8-9. Accordingly, *Klein* lends further support to the court's conclusion that summary judgment was premature when a genuine dispute of material fact exists as to the dangerousness of the sidewalk defect.

## IV.    CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Mr. Akbar's Motion to Alter or Amend Judgment, ECF No. 37, is **GRANTED**, and the entry of summary judgment for the United States, ECF No. 36, is **VACATED**. It is further **ORDERED** that the parties shall meet and confer and file a joint status report on or before September 8, 2026, proposing next steps in this litigation.

**SO ORDERED.**

_____
LOREN L. ALIKHAN
United States District Judge

Date:    August 6, 2026

11